# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH B. MILLER, #12481-424 | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-09-1941 |
| J.D. WHITEHEAD, Warden FCI Cumberland | * | |
| | * | |
| Respondent | | |
| | *** | |

## MEMORANDUM OPINION

Pending is Joseph B. Miller's pro se Motion for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 to which Respondent,[1] through counsel, has filed a Motion to Dismiss or in the Alternative for Summary Judgment. Miller has responded. The matter is fully briefed and ready for disposition; a hearing is deemed unnecessary. *See* Local Rule 105.6. For reasons that follow, Respondent's Motion for Summary Judgment shall be GRANTED.

## BACKGROUND

Miller challenges the Bureau of Prisons's ("BOP") calculation of his 102-month term of imprisonment ("BOP") for bank robbery, claiming that he is entitled to additional prior custody credits for time spent: 1) out of state custody while on a federal writ of habeas corpus *ad prosequendum* from October 14, 2003 to January 2, 2004; and 2) in state custody prior to commencement of his state sentence because he would have been released on bond but for the federal detainer. The relevant dates are not in dispute and are as follows:

July 13, 2001, Miller commits federal offense of bank robbery;

---

[1] J.D. Whitehead is no longer Warden at FCI- Cumberland. Acting Warden Joe Coakley is Miller's custodian and will be substituted for J.D. Whitehead as Respondent. *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973); Fed. R. Civ. P. 25(d)(1).

July 14, 2001, Miller is arrested by Riverdale, Illinois police for possession of a controlled substance with intent to deliver. At the time of arrest, Miller was on state parole;

July 17, 2001, a federal arrest warrant is issued for Miller;

May 6, 2003, Miller is sentenced in the Cook County Circuit Court (Illinois) to six years incarceration for possession of a controlled substance with intent to deliver. Miller was awarded 662 days of jail credit toward his state sentence starting from his date of arrest on July 14, 2001; Exhibit A, p. 7, Exhibit F.

October 14, 2003, Miller is "borrowed" from Illinois authorities pursuant to a Writ of Habeas Corpus *Ad Prosequendum* to appear in the United States District Court for the Northern District of Illinois;

January 2, 2004, Miller is released on parole from his state sentence while on writ to the United States Marshals Service;

May 14, 2004, Miller is sentenced in the United States District Court for the Northern District of Illinois to a 102-month term of incarceration for bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Miller's federal sentence commenced on the date of imposition, May 14, 2004;

The BOP has awarded Miller 132 days of prior custody credit for January 3, 2004 through May 13, 2004, the period after his release from state custody and before his federal sentence commenced. Exhibit E. Miller's projected satisfaction date, the date on which he will complete his federal sentence with consideration for good conduct time, is June 24, 2011. *See id.*

Miller avers that on June 17, 2001,[2] he had a state bail hearing and was given a bond of 10% of $95,000. Petition, p. 2. He claims that before he could make bail, federal authorities filed a detainer against him, thereby preventing his release from what was otherwise a bailable state offense. *Id.*

### STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine

---
[2] The court assumes that Petitioner intended this date to read July 17, 2001.

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir.2003) (alteration in original) (quoting Fed.R.Civ.P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in [the nonmovant's] favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Medical Center., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## DISCUSSION

Authority to calculate a federal prisoner's period of incarceration for the sentence imposed and to provide credit for time served is delegated to the Attorney General, who exercises it through the BOP. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992). A federal sentence to a term of imprisonment begins "on the date the defendant is received in

3

custody awaiting transportation to… the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Prior custody credit is governed by 18 U.S.C. § 3585(b) which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*. 18 U.S.C. § 3585(b) (emphasis added).

18 U.S.C. § 3585(b).

Where, as here, an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied. *See United States. v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) (explaining principle of primary jurisdiction as set forth in *Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922)). When a state exercises primary jurisdiction over a defendant, issuance of a detainer or a writ of habeas corpus *ad prosequendum* by federal authorities does not change the defendant's primary jurisdiction status. *See Thomas v. Whalen*, 962 F.2d 358, 358-60 (4th Cir. 1992). The writ of habeas corpus *ad prosequendum* specifically recognizes the state's primary jurisdiction and the intention of the federal authorities to "borrow" the defendant for court proceedings and return the defendant to state custody to complete his state sentence. *Id*. at 358 n. 3. Where a state maintains primary jurisdiction over a defendant, federal custody under a federal criminal sentence "commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *Evans*, 159 F.3d at 912.

4

### A. Credit on Federal Sentence for Time on Writ of Habeas Corpus *Ad Prosequendum*

When Miller was arrested by police officers on July 14, 2001, the State of Illinois gained primary jurisdiction over him. When Miller was "borrowed" from the State on a writ of habeas corpus *ad prosequendum* to appear in federal court on bank robbery charges, the State retained primary jurisdiction. *See Thomas*, 962 F.2d at 361, n. 3. State primary jurisdiction over Miller continued until his release on parole from his state sentence on January 2, 2004.

Federal authorities obtained primary jurisdiction over Miller upon his parole from the state sentence. Consequently, the BOP credited Miller's federal sentence for time spent in federal custody beginning on January 3, 2004, until his federal sentence was imposed on May 14, 2004, *i.e.* the period after his release from state custody and until his federal sentence commenced.

### B. Credit to Federal Sentence for Time Spent in State Custody on "Bailable State Offense"

Miller argues that he is entitled to presentence credit on his federal sentence from the date of his state arrest on July 14, 2001, to the date his state sentence was imposed on May 6, 2003, because he would have been released on bond from the state charge but for the federal detainer. Miller does not dispute that when was sentenced in state court on May 6, 2003, he was awarded 662 days jail credit to account for time in custody starting from his date of arrest, but argues he should be credited for this time toward his federal sentence as well. Paper No. 11, Petitioner's Reply p. 3.

The express terms of 18 U.S.C. 3585(b) preclude crediting Miller on his federal sentence for this time period because it has already been "credited against his state sentence." 18 U.S.C.

3585(b)(2). Miller has received state credit for this time; it may not be double counted. *See* 18 U.S.C. § 3585(b); *see also Wilson*, 503 U.S. 329, 337 (1992) (stating "Congress made clear that a defendant could not receive double credit for his detention time.").

Miller's reliance on *United States v. Haney,* 711 F.2d 114 (1983), *Brown v United States*, 489 F.2d 1036, 1037 (8th Cir. 1974), and *Davis v. Attorney General* 425 F.2d 238, 230 (5th Cir. 1970) is unpersuasive. These cases addressed prior jail credit issues in the context of Title 18 U.S.C. § 3568, a statute which has since been repealed and does not apply to offenses committed after November 1, 1987. The repealed statute did not contain the express prohibition against double counting that is set forth in § 3585(b).

Another case cited by Miller, *Rosemond v. Menifee,* 137 F. Supp. 2d 274 (S.D. N.Y. 2000), is readily distinguished on the facts. In *Rosemond,* a state prisoner was taken into federal custody on a writ of habeas corpus *ad prosequendum* just two days before he was scheduled for release from state custody and remained in federal custody for 87 days before he finished his last two days in state prison. The district court ordered the BOP to credit the prisoner for his 87 days in federal custody because absent the federal writ, the prisoner would have been released under available state procedures. With only two days remaining on the prisoner's state sentence, the only way to credit him for time served was toward his federal sentence. There was no double counting . As earlier noted, Miller has already been credited with time toward his state sentence and to grant him the relief he requests would result in impermissible double counting.

Miller is not entitled to additional prior custody credit toward his federal sentence. He received credit against his state sentence for the period from his state arrest to the date his state sentence was imposed. The time he was borrowed on the writ to federal custody was also

6

credited to his state sentence.  He was credited for the time he entered primary federal jurisdiction until his federal sentence was imposed.  He is entitled to no more.

## CONCLUSION

Miller has received the prior custody credit to which he is entitled. His claim that his federal sentence was improperly calculated is without merit and summary judgment will be entered in favor of Respondent.   A separate Order follows.


Date:  June 25, 2010             _____/s/_____
                                 DEBORAH K. CHASANOW
                                 United States District Judge